## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PHILLIP ALLEN,

    Plaintiff,  CASE NO: 1:10-cv-61

-vs-  HON. GORDON J. QUIST

GONZALES CONSULTING SERVICES, INC., a Colorado Corporation,

    Defendant.

_____/

| | |
|---|---|
| Joni M. Fixler (P56712) | Allan S. Rubin (P44420) |
| Fixel Law Offices, PLLC | Maurice G. Jenkins (P33083) |
| Attorneys for Plaintiff | Christina A. Daskas (P52757) |
| 4084 Okemos Rd., Suite B | Jackson Lewis LLP |
| Okemos, MI 48864 | Attorneys for Defendant |
| (517) 332-3390 –Phone | 2000 Town Center, Suite 1650 |
| jfixel@fixellawoffices.com | Southfield, MI 48075 |
| | (248) 936-1900 – Phone |
| | (248) 936-1901 – Fax |
| | rubina@jacksonlewis.com |
| | Jenkinsm@jacksonlewis.com |
| | daskasc@jacksonlewis.com |

_____/

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AS TO COUNT I PURSUANT TO FED. R. CIV. P. 56**

**(ORAL ARGUMENT REQUESTED)**

Now comes Defendant, Gonzales Consulting Services, Inc. ("GCS") by and though its counsel, Jackson Lewis, LLP, and hereby moves to dismiss Count I of Plaintiff's Complaint for failure to pay overtime wages in violation of the Federal Fair Labor Standards Act and alternatively in violation of the Michigan Wage Law, pursuant to Federal Rules of Civil Procedure 56(c). This Motion is supported by the accompanying Memorandum in Support which is incorporated by reference as if fully set forth herein.

In accordance with L.R. 7.1(d), Defendant certifies that it has sought concurrence for this motion from Plaintiff's counsel, who has indicated that Plaintiff opposes the relief requested herein.

                              Respectfully Submitted,
                              **JACKSON LEWIS LLP**
                              /s/ Allan S. Rubin
                              Allan S. Rubin (P44420)
                              Maurice G. Jenkins (P33083)
                              Christina A. Daskas (P52757)
                              Attorneys for Defendant
                              2000 Town Center, Suite 1650
                              Southfield, MI 48075
                              (248) 936-1900 – Phone
                              (248) 936-1901 – Fax
                              rubina@jacksonlewis.com
                              Jenkinsm@jacksonlewis.com
                              daskasc@jacksonlewis.com

Dated: July 19, 2010

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PHILLIP ALLEN,

       Plaintiff,                          CASE NO: 1:10-cv-61

-vs-                                      HON. GORDON J. QUIST

GONZALES CONSULTING SERVICES, INC., a Colorado Corporation,

       Defendant.
_____/

| | |
|---|---|
| Joni M. Fixel (P56712)<br>Fixel Law Offices, PLLC<br>Attorneys for Plaintiff<br>4084 Okemos Rd., Suite B<br>Okemos, MI 48864<br>(517) 332-3390 –Phone<br>jfixel@fixellawoffices.com | Allan S. Rubin (P44420)<br>Maurice G. Jenkins (P33083)<br>Christina A. Daskas (P52757)<br>Jackson Lewis LLP<br>Attorneys for Defendant<br>2000 Town Center, Suite 1650<br>Southfield, MI 48075<br>(248) 936-1900 – Phone<br>(248) 936-1901 – Fax<br>rubina@jacksonlewis.com<br>Jenkinsm@jacksonlewis.com<br>daskasc@jacksonlewis.com |

_____/

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
<u>AS TO COUNT I PURSUANT TO FED. R. CIV. P. 56</u>**

**(ORAL ARGUMENT REQUESTED)**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

EXHIBITS ........................................................................................................................... iii

STATEMENT OF ISSUES PRESENTED........................................................................... iv

I.      SUMMARY OF ARGUMENT ............................................................................1

II.     PROCEDURAL HISTORY...................................................................................2

III.    FACTUAL BACKGROUND ................................................................................3

        A.     Plaintiff's Allegations .................................................................................3

        B.     Undisputed Facts........................................................................................3

IV.    ARGUMENT.........................................................................................................6

        A.     Standard of Review....................................................................................6

        B.     Plaintiff is not owed overtime wages..........................................................7

V.     RELIEF REQUESTED.......................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Mt Clemens Pottery Co.*, 328 U.S. 680 (1946) ............................................................. 7

*Balsdell v. State of New York*, 1992 U.S. Dist. LEXIS 20921 (S.D.N.Y. Sept. 8, 1992) ................ 10

*Carter v. Panama Canal Co.*, 463 F.2d 1289 (D.C. Cir. 1972) ......................................................... 7

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ................................................................................. 6

*Hamilton v. Gen. Elec. Co.*, 556 F.3d 428 (6th Cir. 2009) ............................................................... 6

*Matsushita Elec. Inus. Co, v. Zenith Radio*, 475 U.S. 574 (1986) .................................................... 7

*Oliver v. CenterPoint Energy, Inc.*, 2010 U.S. Dist. LEXIS 52546 (S.D. Tex. May 27, 2010) ................................................................................................................................... iii, 9

*Sloat v. Davidson Ore Mining Co.*, 71 F. Supp. 1010 (W.D. Mich. 1942) ................................ iii, 10

*Street v. J. C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) ........................................................ 6

**Rules**

Fed. R. Civ. P. 12 (b) (6) ................................................................................................................... 2

Fed. R. Civ. P. 56 ......................................................................................................................... 6, 10

**Statutes**

29 C.F.R. § 778.102 .......................................................................................................................... 8

29 C.F.R. § 778.104

29 C.F.R. § 778.105 .......................................................................................................................... 8

M.C.L § 408.381 ............................................................................................................................... 1

M.C.L. § 37.2101 .............................................................................................................................. 2

29 U.S.C. § 201 ................................................................................................................................. 1

29 U.S.C. § 207 (a) ........................................................................................................................... 8

29 U.S.C. § 207 (e) .........................................................................................................................8, 9

# **EXHIBITS**

**Exhibit A**  Plaintiff's Response to Number 21 of Defendant's Request to Produce

**Exhibit B**  Excerpts of Plaintiff Phillip Allen's Deposition Transcript

**Exhibit C**  Plaintiff's Responses to Defendant's Request to Produce

**Exhibit D**  Compressed Workweek Request

**Exhibit E**  Compressed Workweek Policy

**Exhibit F**  Sample Timesheet

**Exhibit G**  Sample Paystubs

**Exhibit H**  Copy of unreported opinion - *Oliver v. CenterPoint Energy, Inc.*, 2010 U.S. Dist. LEXIS 52546 (S.D. Tex. May 27, 2010).

**Exhibit I**  Copy of unreported opinion - *Balsdell v. State of New York*, 1992 U.S. Dist. LEXIS 20921 (S.D.N.Y. Sept. 8, 1992).

**Exhibit J**  Copy of unreported opinion - *Sloat v. Davidson Ore Mining Co.*, 71 F. Supp. 1010 (W.D. Mich. 1942).

**STATEMENT OF ISSUES PRESENTED**

I. Whether Defendant, Gonzales Consulting Services, Inc., has purposely evaded the overtime provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., or alternatively, the Michigan Minimum Wage Law, M.C.L. § 37.2101, *et seq*., by establishing a compressed work schedule which fails to coincide with the standard calendar week and requires supervisors to work shifts spanning over two Company defined workweeks.

Defendant answers "no".

## I.     SUMMARY OF ARGUMENT

The only claim remaining in this case is for failure to pay overtime wages in violation of the Federal Fair Labor Standards Act [29 U.S.C. § 201, *et seq.* ("FLSA")], or alternatively the Michigan Minimum Wage Law of 1964 [M.C.L. § 408.381, *et seq.* ("MWL")]. The material facts are not in dispute and only an issue of law remains to be decided.

Plaintiff, Philip Allen, was employed by Defendant, Gonzales Consulting Services, Inc. ("GCS" or the "Company"), as a dispatch supervisor at the Federal Building in Battle Creek, Michigan. When he was first promoted to supervisor, Plaintiff agreed to work a compressed workweek and signed a Compressed Workweek Request. A copy of his schedule was provided to him in writing on two occasions. Plaintiff understood that his workweek began on Saturday and 4:00 p.m. and concluded on the following Saturday at 3:59 p.m. and that he would be compensated for overtime at time-and-a-half for any hours worked over 40 during a Company defined workweek.

Plaintiff admits that based upon a calculation of overtime wages using the Company's Saturday to Saturday workweek, he was compensated for all hours worked, including overtime wages. Plaintiff further admits that his damage calculation for overtime wages was based upon a standard calendar week instead of the Company's Saturday to Saturday workweek, which he agreed to when he was promoted to supervisor. Plaintiff does not dispute any of his timesheets or paystubs. Rather, Plaintiff protests the fact that because he worked a compressed schedule, his shift on Saturday was split between two workweeks. Plaintiff's claim, however, completely ignores the regulations promulgated pursuant to the FLSA as well as the relevant case law.

GCS is aware of no authority to support the proposition that an employer is prohibited from establishing a work schedule which requires employees to work consecutive shifts spanning over two company defined workweeks. Under section 207(a) of the FLSA, overtime is

1

calculated based upon a stand-alone single workweek. Although the Act does not define "workweek," the regulations define the term to mean "a fixed and regularly recurring period of 168 hours--seven consecutive 24-hour periods." It need not coincide with the calendar week but may begin on any day and at any hour of the day. For purposes of computing pay due under the Fair Labor Standards Act, a single workweek may be established for an establishment as a whole or different workweeks may be established for different employees or groups of employees.

In this case, it is undisputed that Plaintiff's workweek was a fixed and regularly recurring period of 168 hours. Because Plaintiff concedes that he was paid at least one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per Company workweek, Defendants are entitled to summary judgment as a matter of law as to Count I of Plaintiff's Complaint.

## II. PROCEDURAL HISTORY

Plaintiff filed a three count Complaint [Doc. 1] for failure to pay overtime in violation of the FLSA, retaliatory discrimination in violation of the Elliott-Larsen Civil Rights Act [M.C.L. § 37.2101, *et seq*.], and tortuous interference with business expectations. Plaintiff also pleads a violation of the MWL as an alternative to Count I of the Complaint, alleging failure to pay overtime in violation of the FLSA.

Defendant filed a Motion to Dismiss Count III for tortious interference and the alternative claim for failure to pay overtime in violation of the MWL pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. 3].[1] Plaintiff voluntarily dismissed Count III on April 1, 2010, and the Court stated that it

---

[1] For the reasons set forth in Defendant's motion to dismiss [Doc. 3] and reply [Doc. 7], Defendant asserts that the MWL is simply inapplicable to Plaintiff's overtime claims. For brevity sake, these arguments will not be repeated.

would address the remainder of its motion in a separate order [Doc. 10]. Count II for retaliatory discrimination was also dismissed [Doc. 15] pursuant to stipulation of the parties [Doc. 14].

GCS now files this motion for summary judgment as to Count I seeking dismissal of Plaintiff's claims that it failed to pay overtime wages in violation of the FLSA, or alternatively, the MWL. For the reasons set forth herein, GCS is entitled to summary judgment on Count I.

### III. FACTUAL BACKGROUND

#### A. Plaintiff's Allegations

Plaintiff alleges that GCS had a corporate policy, practice and procedure to knowingly and willfully not pay overtime, which he was required to accept or sacrifice any chance of promotion. (Doc. 1, Compl., ¶¶ 13, 14.) Plaintiff claims that he was required to work 12 hour days, alternating 4 days one week and 3 days another (*Id*., at ¶ 15), and he was not paid overtime for hours worked in excess of 40 per week (*Id*., at ¶¶ 23-28; 48-54). Plaintiff claims that as a result, he is entitled to unpaid overtime pursuant to the FLSA (*Id*., at ¶ 49) or alternatively pursuant to the MWL (*Id*., at ¶ 2).

In support of his claims and in response to number 21 of Defendant's Request to Produce, Plaintiff submitted an analysis of his overtime calculations, a copy of which is attached hereto as Exhibit A. Plaintiff asserts that he is entitled to overtime wages in the amount of $593.12.

#### B. Undisputed Facts

There are no material facts in dispute. GCS is a federal contractor which operates a dispatch center (the "Mega Center") at the Federal Building in Battle Creek, Michigan. (Doc. 1, Compl., ¶¶ 1, 2, 21, 29). GCS took over the Mega Center from the former federal contractor, Wackenhut, in about January 2008. (Ex. B, Allen Dep., pp. 22-24.) Plaintiff was employed by Wackenhut as a dispatcher and was offered a dispatcher position with GCS. (*Id*.) In about April

of 2008, GCS promoted Plaintiff from dispatcher to a dispatch supervisor, and he remained in that position until his termination on November 18, 2009.[2] (*Id*. at pp. 18, 23, 24.)

When Plaintiff was promoted to supervisor, he was presented with and agreed to work a compressed workweek schedule. (*Id*. at pp. 7-11, 56, 70.) A copy of his Compressed Workweek Request ("Request") is attached hereto as Exhibit D. The Request was signed by Plaintiff and his supervisor, Timothy Scott, on May 21, 2008. (Ex. B, Allen Dep., p. 11; Ex. D, Request.) Plaintiff admits that Exhibit D accurately reflects the schedule that he worked as a supervisor. (Ex. B, Allen Dep., pp. 16-17.)[3] Plaintiff also received another copy of his schedule from the Human Resource Manager. A copy of that document, dated May 22, 2008, is attached hereto as Exhibit E. It provides that his workweek began on Saturday at 4:00 p.m. and concluded the following Saturday at 3:59 p.m. (Ex. B, Allen Dep., pp. 8-9; Ex. E.)

Plaintiff concedes the accuracy of his electronic timesheets.[4] He understood that by signing each timesheet, he was "certifying that hours were incurred on the charge and day specified in accordance with company policies and US government regulations." (Ex. B, Allen Dep., p. 63.)

---

[2] Plaintiff admits that his employment with GCS was terminated on November 18, 2009, that the date of his final paycheck was November 27, 2009, that he was properly paid for any unearned PTO upon termination, and that the document identified as bates number GCS000065 is a genuine copy of the check that he received for payment of his PTO. *See* Exhibit C, Plaintiff's response to Defendant's Request to Admit No. 10.

[3] *See also* Exhibit C, Plaintiff's response to Defendant's Request to Admit No. 9 (admits that his compressed workweek was from Saturday at 4:00 p.m. to Saturday at 3:59 p.m. and that he was paid biweekly).

[4] Plaintiff was provided with copies of his timesheets (GSC000120 through GCS000217). Plaintiff admits that these documents are genuine copies of his Weekly Timesheets, which accurately reflect the hours that he certified to have worked from January 5, 2008 through November 21, 2009, and that he did not work any overtime hours that were not reported on his time sheets. *See* Exhibit C, Plaintiff's response to Defendant's Request to Admit No. 6. Because Plaintiff does not dispute the accuracy of these documents, a sample timesheet is attached hereto as Exhibit F. Complete copies of Plaintiff's timesheets will be furnished to the Court upon request.

Plaintiff also concedes that he received a hard copy of each and every paystub.[5] (Ex. B, Allen Dep., p. 66.) Notably, the last paycheck that Plaintiff received for 2008 (GCS000282) reflects that he was paid $662.64 for 22 hours of overtime. (*Id*. at pp. 66-69.) Plaintiff's last paycheck for 2009 (GCS000307) reflects that he was paid $1,783.66 for 57.5 hours of overtime. (*Id*. at p. 69.) Copies of both paychecks are attached hereto as Exhibit G.

Plaintiff admits that when he calculated overtime wages, he used a standard calendar workweek (i.e., Monday through Sunday) instead of the compressed workweek which he agreed to and is set forth in Exhibits D and E. (*Id*. at p. 10.) Plaintiff testified:

> Q: So Exhibit 72 [GCS000072], kind of once we walk through, it does explain your schedule, correct?
> A: Yes.
> \* \* \*
> Q: And you've already told me that you did that based upon a calendar week not the workweek that is depicted in the document 69 to 72 that we just talked about, correct?
> A: Yes.
> Q: Have you ever calculated your workweek following the schedule that we just talked about in those documents?
> A: Personally calculated it? No.
> Q: Do you know whether or not if you calculated it according to your workweek, all of the claims in requests that you've outlined in requests for production of document 21, Exhibit 1, would reconcile with your paychecks?
> A: Looking at – looking at this, just without calculating it and then knowing what my paystubs shows, yes, it would reconcile.
> Q: Okay. So would you agree with me that it your workweek was 4:00 p.m. Saturday to 3:59 the following Saturday, you would have been paid all of the money that you were owed including your overtime?
> A: Yes.
> Q: So it's only because you have calculated it differently than your defined workweek that you come out with a difference?

---

[5] Plaintiff was also provided with copies of his paystubs (GCS000257 through GCS000307). Plaintiff admits that these documents are accurate statements of his earnings for the pay periods January 5, 2008 through December 5, 2009, and that GCS paid him for 22 overtime hours in 2008 and 57.50 overtime hours in 2009. *See* Exhibit C, Plaintiff's response to Defendant's Request to Admit No. 8. Because Plaintiff does not dispute the accuracy of these documents, sample paystubs are attached hereto as Exhibit G. Complete copies of Plaintiff's paystubs will be furnished to the Court upon request.

> A: Yes.

(*Id.* at pp. 16-18.)

> Q: Whenever you worked overtime, at least as calculated by the company based upon your workweek, were you paid.
> A: Yes.
> Q: Was there ever a period of time that you worked overtime that you weren't paid for at least as calculated by the company based upon your workweek.
> A: No.

(*Id.* at p.58.)

Plaintiff testified that on one occasion he complained about not being paid overtime to his supervisor, Tim Scott; however, Mr. Scott reminded him that he agreed to the compressed workweek. (*Id*. at pp. 55-56.) Otherwise, Plaintiff never complained that any paycheck was inaccurate or wrong during his employment by GCS. (*Id*. at p. 55, 57.)

## IV. ARGUMENT

### A. Standard of Review.

GCS moves this Court for summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); and *Hamilton v. Gen. Elec. Co.*, 556 F.3d 428, 433 (6th Cir. 2009). In determining whether summary judgment is appropriate, the courts "view all facts and inferences in the light most favorable to the non-moving party." Hamilton, 556 F.3d at 433. The party adverse to a motion for summary judgment may not simply deny generally the pleadings of the movant; the adverse party must designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

6

The Sixth Circuit Court of Appeals has recognized a "new era" in summary judgments. *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). For example, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id*. (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. *Id*. It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" Id. (quoting *Matsushita Elec. Inus. Co, v. Zenith Radio*, 475 U.S. 574, 586 (1986). Moreover, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

In order to recover under the FLSA, a plaintiff must prove that "he has in fact performed work for which he was improperly compensated" and produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute on other grounds as stated in *Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972). "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id*., at 687-688. Only if the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id*. at 688.

### B. Plaintiff is not owed overtime wages.

There is no authority to support Plaintiff's claim that GCS violated the FLSA's overtime provisions by defining a workweek different than a standard calendar week and/or establishing a work schedule which spans over two Company defined workweeks. Section 207(a) of the FLSA

requires employers to pay covered employees one and one-half times their regular rate for all hours worked in excess of forty hours per workweek. 29 U.S.C. § 207(a). An employee's regular rate of pay is defined under section 7(e) of the FLSA as "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e). The FLSA does not impose a flat limit on the number of hours that an employee may work in any day or in any workweek with the exception of the child labor provisions. 29 C.F.R. § 778.102. In other words, there is no restriction on how many hours per day and per week an employee may work so long as the required overtime compensation is paid for the hours in excess of 40. *Id*.

Under the FLSA, overtime is calculated based upon a stand-alone single workweek. 29 U.S.C. § 207(a); see also 29 C.F.R. § 778.104. Although the Act does not define "workweek," the regulations promulgated pursuant to the FLSA define the term to mean seven consecutive twenty-four hour periods:

> An employee's workweek is a ***fixed and regularly recurring period of 168 hours--seven consecutive 24-hour periods***. ***It need not coincide with the calendar week but may begin on any day and at any hour of the day.*** For purposes of computing pay due under the Fair Labor Standards Act, ***a single workweek may be established for a plant or other establishment as a whole or different workweeks may be established for different employees or groups of employees.*** Once the beginning time of an employee's workweek is established, it remains fixed regardless of the schedule of hours worked by him. The beginning of the workweek may be changed if the change is intended to be permanent and is not designed to evade the overtime requirements of the Act.

29 C.F.R. § 778.105 (emphasis added).[6] According to the regulations, the Act "takes a single workweek as its standard and does not permit averaging of hours over 2 or more weeks." 29

---

[6] Notably, the regulations promulgated by the MWL mirror the FLSA regulations. Regulation 408.701(j) provides that the definition of workweek "means a fixed and regular recurring period of 168 hours or 7 consecutive 24-hour periods. Workweek need not coincide with the calendar week, but may begin on any day and at any hour of the day. For purposes of computing overtime pay, a single workweek may be established for 1 employee or different workweeks may be established for different employees or groups of employees." Therefore, the same result is
Footnote continued on next page …

8

C.F.R. § 778.104. The regulations further provide that "[t]his is true regardless of whether the employee works on a standard or swing-shift schedule and regardless of whether he is paid on a daily, weekly, biweekly, monthly or other basis." *Id*.

Here, there is no dispute that Plaintiff's workweek was a fixed and regularly recurring period of 168 hours. Plaintiff agreed to the compressed workweek schedule, a copy of the policy was provided to him, and his was paid overtime wages for any hours worked in excess of 40 per a single workweek. The fact that Plaintiff's schedule required to him to work consecutive days spanning over two workweeks is irrelevant. In fact, courts have expressly rejected that this practice violates the overtime provisions of the FLSA.

In *Oliver v. CenterPoint Energy, Inc.*, 2010 U.S. Dist. LEXIS 52546 (S.D. Tex. May 27, 2010) (Exhibit H), the plaintiff brought a collective action against defendants for unpaid overtime wages pursuant to the FLSA. The plaintiffs argued that the defendant was evading the FLSA by scheduling ten consecutive workdays over two company-defined workweeks. *Id*. at *10. The court rejected the plaintiff's argument concluding:

> CenterPoint's practice of rotating the plaintiff's schedule so that he worked ten days in a row, the first five of which belonged to one workweek, and the second five of which belonged to the next workweek, ***does not change the fact that the plaintiff's regular workweek began on the same day of each calendar week and did not change throughout the time at issue in this action***. Because plaintiff has neither argued nor cited any evidence showing that CenterPoint failed to pay him overtime for any hours worked in excess of 40 hours during the Saturday to Friday workweek that it used to calculate entitlement to overtime pay, or that CenterPoint ever changed the beginning time of the plaintiff's workweek for the purpose of evading the FLSA's overtime requirements, plaintiff has failed to raise a genuine issue of material fact for trial that precludes granting the defendants' motion for summary judgment on plaintiff's claim for overtime pay.

*Id*. at *15 (emphasis added).

---

Footnote continued from previous page …
achieved under both the FLSA and MWL.

9

In *CenterPoint*, the court relied upon *Balsdell v. State of New York*, 1992 U.S. Dist. LEXIS 20921 (S.D.N.Y. Sept. 8, 1992)(Exhibit I). In that case, the court concluded that "a regular workweek calculated on a Thursday to Wednesday basis did not violate the FLSA even though employees were often required to work up to seven consecutive days before receiving a day off." *CenterPoint, supra*, at *14 (citing *Blasdell, supra*, at *1-*2). Because the first five days of the schedule fell within one workweek and the sixth and seventh days fell within another workweek, the plaintiffs were not entitled to any overtime compensation under the FLSA. See also *Sloat v. Davidson Ore Mining Co*., 71 F. Supp. 1010, 1011-12 (W.D. Mich. 1942)(Exhibit J)(rejecting the argument that rotating schedules violates the FLSA).

There is simply no basis for Plaintiff's claim that GCS failed to pay overtime wages during the course of his employment. GCS never changed the beginning time of Plaintiff's workweek for the purpose of evading the FLSA's overtime requirements. Both Plaintiff's schedule and workweek were fixed and constant. Plaintiff readily concedes that he was compensated for any hours worked over 40 in a single Company defined workweek.

There is no genuine issue of material fact for trial that precludes this Court from granting GCS' motion for summary judgment on Plaintiff's claim for overtime. Accordingly, Plaintiff's remaining count should be dismissed as a matter of law.

## V.     RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 56, Defendant, Gonzales Consulting Services, Inc., respectfully requests that its Motion for Summary Judgment be GRANTED and Count I of Plaintiff's Complaint alleging failure to pay overtime under the FLSA, and alternatively, under the MWL, be dismissed.

                Respectfully Submitted,

                **JACKSON LEWIS LLP**
                /s/ Allan S. Rubin
                Allan S. Rubin (P44420)
                Maurice G. Jenkins (P33083)
                Christina A. Daskas (P52757)
                Attorneys for Defendant
                2000 Town Center, Suite 1650
                Southfield, MI 48075
                (248) 936-1900 – Phone
                (248) 936-1901 – Fax
                rubina@jacksonlewis.com
                Jenkinsm@jacksonlewis.com
                daskasc@jacksonlewis.com

Dated: July 19, 2010

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on this 19th day of July 2010 he did file a copy of Defendant's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 and the Memorandum in Support thereof by filing same using the CM/ECF system which will send notice of its filing to all counsel of record, including:

> Joni M. Fixler (P56712)
> Fixel Law Offices, PLLC
> Attorney for Plaintiff
> 4084 Okemos Rd., Suite B
> Okemos, MI 48864
> (517) 332-3390 –Phone
> jfixel@fixellawoffices.com

>                    /s/ Allan S. Rubin
>                    Allan S. Rubin (P44420)
>                    Jackson Lewis LLP
>                    Attorney for Defendant
>                    2000 Town Center, Suite 1650
>                    Southfield, MI 48075
>                    (248) 936-1900 – Phone
>                    (248) 936-1901 – Fax
>                    rubina@jacksonlewis.com

4811-1733-5046, v. 1