UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP ALLEN,

    Plaintiff,

-vs-

GONZALES CONSULTING SERVICES,
INC., a Colorado Corporation,

    Defendant.
_____/

CASE NO: 1:10-cv-61

HON. GORDON J. QUIST

| | |
|---|---|
| Joni M. Fixler (P56712) | Allan S. Rubin (P44420) |
| Fixel Law Offices, PLLC | Maurice G. Jenkins (P33083) |
| Attorneys for Plaintiff | Christina A. Daskas (P52757) |
| 4084 Okemos Rd., Suite B | Jackson Lewis LLP |
| Okemos, MI 48864 | Attorneys for Defendant |
| (517) 332-3390 –Phone | 2000 Town Center, Suite 1650 |
| jfixel@fixellawoffices.com | Southfield, MI 48075 |
| | (248) 936-1900 – Phone |
| | (248) 936-1901 – Fax |
| | rubina@jacksonlewis.com |
| | Jenkinsm@jacksonlewis.com |
| | daskasc@jacksonlewis.com |

_____/

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
<u>AS TO COUNT I PURSUANT TO FED. R. CIV. P. 56</u>**

    Now comes Defendant, Gonzales Consulting Services, Inc., by and though its counsel, Jackson Lewis, LLP, and hereby submits the accompanying Reply Brief which is incorporated by reference as if fully set forth herein.

        Respectfully Submitted,

        **JACKSON LEWIS LLP**

        /s/ Allan S. Rubin
        Allan S. Rubin (P44420)
        Maurice G. Jenkins (P33083)
        Christina A. Daskas (P52757)
        Attorneys for Defendant
        2000 Town Center, Suite 1650
        Southfield, MI 48075
        (248) 936-1900 – Phone
        (248) 936-1901 – Fax
        rubina@jacksonlewis.com
        Jenkinsm@jacksonlewis.com
        daskasc@jacksonlewis.com

Dated: August 27, 2010

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PHILLIP ALLEN,

       Plaintiff,                                  CASE NO: 1:10-cv-61

-vs-                                                  HON. GORDON J. QUIST

GONZALES CONSULTING SERVICES,
INC., a Colorado Corporation,

       Defendant.
_____/

| Joni M. Fixler (P56712) | Allan S. Rubin (P44420) |
|---|---|
| Fixel Law Offices, PLLC | Maurice G. Jenkins (P33083) |
| Attorneys for Plaintiff | Christina A. Daskas (P52757) |
| 4084 Okemos Rd., Suite B | Jackson Lewis LLP |
| Okemos, MI 48864 | Attorneys for Defendant |
| (517) 332-3390 –Phone | 2000 Town Center, Suite 1650 |
| jfixel@fixellawoffices.com | Southfield, MI 48075 |
| | (248) 936-1900 – Phone |
| | (248) 936-1901 – Fax |
| | rubina@jacksonlewis.com |
| | Jenkinsm@jacksonlewis.com |
| | daskasc@jacksonlewis.com |

_____/

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**
**AS TO COUNT I PURSUANT TO FED. R. CIV. P. 56**

## **TABLE OF CONTENTS**

A. Introduction ................................................................................................................ 1

B. Plaintiff's Failure To Set Forth Admissible Evidence In Opposition To Defendant's Motion For Summary Judgment Constitutes Sufficient Grounds To Warrant Summary Judgment ................................................................ 2

C. There Is No Authority To Support Plaintiff's Claim That Defendant Violated The FLSA's Overtime Provisions By Defining A Workweek Different Than A Standard Calendar Week And/Or Establishing A Work Schedule Which Spans Over Two Company Defined Workweeks. ........................ 5

# INDEX OF AUTHORITIES

### Cases

*Alexander v. Caresource*, 576 F.3d 551, 558 (6th Cir. 2009)..................................................2, 4, 5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).........................................................2

*Balsdell v. State of New York*, 1992 U.S. Dist. LEXIS 20921,*1-*2 (S.D.N.Y. Sept. 8, 1992) ..................................................................................................................................7

*Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).........................................................................4

*Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002)..................................................................................................................................2

*Oliver v. CenterPoint Energy, Inc.*, 2010 U.S. Dist. LEXIS 52546, *15 (S.D. Tex. May 27, 2010)................................................................................................................................6

*Skousen v. Brighton High School*, 305 F.3d 520, 528 (6th Cir. 2002) .............................................4

*Sloat v. Davidson Ore Mining Co.*, 71 F. Supp. 1010, 1011-12 (W.D. Mich. 1942) .......................7

*Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) ...............................................3

### Statutes

29 U.S.C. § 207(a) ...........................................................................................................................5

29 U.S.C. § 207(e) ...........................................................................................................................5

29 U.S.C. 201...................................................................................................................................1

### Other Authorities

FLSA § 207(a) .................................................................................................................................5

### Rules

Fed. R. Civ. P. 56(a) and (b)............................................................................................................3

Fed. R. Civ. P. 56(e)(1) and (2) .......................................................................................................3

Fed. R. Evid. 801(c).....................................................................................................................1, 4

Fed. R. Evid. 802 ...........................................................................................................................1, 4

Rule 56(e).................................................................................................................................1, 3, 4

### Regulations

29 C.F.R. § 778.104 ..........................................................................................................................5

29 C.F.R. § 778.105 ..........................................................................................................................5

### A. Introduction

Plaintiff, Philip Allen, initiated this action against his former employer, Gonzales Consulting Services, Inc. ("Defendant" or "GCS"), for purported failure to pay overtime wages in violation of the Federal Fair Labor Standards Act [29 U.S.C. 201, *et seq*. ("FLSA")], among other claims which are no longer at issue.[1] The parties agree that there are no material facts in dispute. In fact, Plaintiff only raised one issue in his response to Defendant's motion for summary judgment. Plaintiff asserts that Defendant's division of the two workweeks was designed to evade the overtime requirements of the FLSA and is therefore invalid. In support of his claim, Plaintiff relies solely upon an email communication from a former employee of GCS, Kristen Gladney [Doc. 20-2].

Rule 56(e) of the Federal Rules of Evidence requires that the non-moving party submit admissible evidence in opposition to a motion for summary judgment. Here, Plaintiff's opposition rests solely upon the e-mail of Ms. Gladney, which constitutes inadmissible hearsay under Rule 801(c) and 802 of the Federal Rules of Evidence. In addition, Ms. Gladney's statement is not based upon personal knowledge. The Declaration of Albert C. Gonzales, President and Chief Executive Officer for GCS, a copy of which is attached hereto as **Exhibit A**, conclusively establishes that Ms. Gladney had no role or knowledge regarding the policies

---

[1] Plaintiff filed a three count Complaint [Doc. 1] for failure to pay overtime in violation of the FLSA, retaliatory discrimination in violation of the Elliott-Larsen Civil Rights Act, and tortuous interference with business expectations. Plaintiff also pled a violation of the Michigan Minimum Wage Law of 1964 ("MWL") as an alternative to Count I of the Complaint, alleging failure to pay overtime in violation of the FLSA. Plaintiff voluntarily dismissed Count III for tortuous interference on April 1, 2010 [Doc. 10]. Count II for retaliatory discrimination was also dismissed [Doc. 15] pursuant to stipulation of the parties [Doc. 14]. On July 20, 2010, upon motion [Doc. 3], the Court dismissed Plaintiff's alternative claim for violation of the MWL under Count I [Doc. 19].

related to supervisors at the MegaCenter. All HR policies are set by corporate management at corporate headquarters in Greenwood Village, Colorado. Therefore, at best, her statement is based upon speculation and/or hearsay.

Because Plaintiff fails to set forth any admissible evidence in response to Defendant's motion, Defendant is entitled to summary judgment as to Count I as a matter of law.

**B.   Plaintiff's Failure To Set Forth Admissible Evidence In Opposition To Defendant's Motion For Summary Judgment Constitutes Sufficient Grounds To Warrant Summary Judgment.**

Defendant has moved for summary judgment as to Count I pursuant to Fed. R. Civ. P. 56. It is well established that a motion for summary judgment presumes the absence of a genuine issue of material fact for trial. *Alexander v. Caresource*, 576 F.3d 551, 558 (6th Cir. 2009). The court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Caresource*, 576 F.3d at 558 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The moving party has the initial burden of setting forth the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Caresource*, 576 F.3d at 558 (citing *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002)). Once the moving party has met its initial burden, the party opposing the motion may not "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Caresource*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)).

Fed. R. Civ. P. 56(a) and (b) provide that a party may move for summary judgment "with or without supporting affidavits." In addition to affidavits, Rule 56(e) identifies depositions and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment. Specifically, Rule 56(e) states:

> (1) *In General.* A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemental or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) *Opposing Party's Obligation to Respond.* When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(1) and (2).

Rule 56(e)(2) undeniably sets forth a party's obligations in opposing a motion for summary judgment. In particular, the non-moving party must submit evidence that will be admissible at trial. Indeed, "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Caresource*, 576 F.3d at 558 (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009), citing *Skousen v. Brighton High School*, 305 F.3d 520, 528 (6th Cir. 2002)).

Although Rule 56(e) does not require a party opposing a motion for summary judgment to submit evidence in a form that is admissible at trial, the mere submission of hearsay evidence is unacceptable and must be disregarded. The Sixth Circuit has explained the non-moving party's obligation as follows:

> [T]he party opposing summary judgment must show that she can make good on the promise of the pleadings by laying out enough evidence that will be admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary. Such "*'evidence submitted in opposition to a motion for summary judgment must be admissible*.'" *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) (quoting *United States Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1997)). That is why "*[h]earsay evidence . . . must be disregarded*.'" *Ibid.*; *see also North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1283 (6th Cir. 1997) ("[T]he testimony of Chaffee is inadmissible hearsay and therefore cannot defeat a motion for summary judgment."). It is also the basis of this court's repeated emphasis that *unauthenticated documents do not meet the requirements of Rule 56(e)*. *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 532 n. 5 (6th Cir. 2002); *see also Meals v. City of Memphis, Tenn.*, 493 F.3d 720, 728-29 (6th Cir. 2007); *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) ("*This court has ruled that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded*." (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-69 (6th Cir. 1991), and *State Mutual Life Assurance Co. of America v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979)).

*Caresource*, 576 F.3d at 558-59 (emphasis added).

In the present case, Plaintiff cites **no case law** and offers **no evidence** other than an **unsworn statement** from Kristen Gladney, a former employee of GCS, in support of his opposition to Defendant's motion for summary judgment. Because Ms. Gladney's e-mail constitutes inadmissible hearsay under Fed. R. Evid. 801(c) and 802,[2] the unsworn statement standing alone cannot defeat Defendant's motion. As such, Plaintiff's failure to present any evidence to counter Defendant's well-supported motion for summary judgment is grounds for granting Defendant's motion as a matter of law. *See Caresource*, 576 F.3d at 558.

---

[2] "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Evid. 802.

4

**C.     There Is No Authority To Support Plaintiff's Claim That Defendant Violated The FLSA's Overtime Provisions By Defining A Workweek Different Than A Standard Calendar Week And/Or Establishing A Work Schedule Which Spans Over Two Company Defined Workweeks.**

Section 207(a) of the FLSA requires employers to pay covered employees one and one-half times their regular rate for all hours worked in excess of forty hours per workweek. 29 U.S.C. § 207(a). The FLSA does not impose a restriction on how many hours per day and per week an employee may work so long as the required overtime compensation is paid for the hours in excess of 40. 29 U.S.C. § 207(e). Under the FLSA, overtime is calculated based upon a stand-alone single workweek. 29 U.S.C. § 207(a); *see also* 29 C.F.R. § 778.104. The regulations promulgated pursuant to the FLSA define the term to mean seven consecutive twenty-four hour periods and "[i]t need not coincide with the calendar week but may begin on any day and at any hour of the day." 29 C.F.R. § 778.105.

Here, there is no dispute that Plaintiff's workweek was a fixed and regularly recurring period of 168 hours. Plaintiff agreed to the compressed workweek schedule, a copy of the policy was provided to him, and he was paid overtime wages for any hours worked in excess of 40 per a single workweek. (Doc. 18-2, Allen Dep., pp. 7-11, 56, 70; Doc. 18-4, Compressed Workweek Request; Doc. 18-5, Compressed Workweek Policy; Exhibit A, Gonzales Dec., ¶ 4.) The fact that Plaintiff's schedule required to him to work consecutive days spanning over two workweeks is irrelevant.

In fact, courts have expressly rejected that this practice violates the overtime provisions of the FLSA. *See, e.g.*, *Oliver v. CenterPoint Energy, Inc.*, 2010 U.S. Dist. LEXIS 52546, *15 (S.D. Tex. May 27, 2010)(Doc. 18-8)(determining that "CenterPoint's practice of rotating the plaintiff's schedule so that he worked ten days in a row, the first five of which belonged to one

workweek, and the second five of which belonged to the next workweek, does not change the fact that the plaintiff's regular workweek began on the same day of each calendar week and did not change throughout the time at issue in this action"); *Balsdell v. State of New York*, 1992 U.S. Dist. LEXIS 20921,*1-*2 (S.D.N.Y. Sept. 8, 1992)(Doc. 18-9)(concluding that "a regular workweek calculated on a Thursday to Wednesday basis did not violate the FLSA even though employees were often required to work up to seven consecutive days before receiving a day off"); and *Sloat v. Davidson Ore Mining Co.*, 71 F. Supp. 1010, 1011-12 (W.D. Mich. 1942)(Doc. 18-10)(rejecting the argument that rotating schedules violates the FLSA).

Even considering Ms. Gladney's statement, there is still no evidence that Plaintiff's workweek was changed for the purpose of evading the FLSA's overtime requirements. Mr. Gonzales attests that she is a former dispatch supervisor at the MegaCenter, who was terminated for performance issues. (Exhibit A, Gonzales Decl., ¶ 6.) During her employment, Ms. Gladney had no role in setting company policies and no role in establishing HR policies for supervisors at the MegaCenter. (*Id*.) All HR policies and procedures are established by management at corporate in Greenwood Village, Colorado. (*Id*.) Hence, Ms. Gladney has no knowledge of the reasons behind corporate policies, such as the one at issue in this case.

Corporate management established a policy requiring all dispatch supervisors at the MegaCenter to work a compressed workweek. (*Id*. at ¶ 7.) The MegaCenter operates 24 hours per day/7 days per week and must comply with federal guidelines, standards, regulations and policies. (*Id*.) Because of its hours of operation and compliance requirements, the compressed workweek was devised for supervisors to ensure that at least one supervisor is always working. (*Id*.) This schedule is necessary to provide adequate shift coverage with the appropriate number of supervisors working throughout a particular shift. (*Id*.) As such, the compressed workweek

was not implemented for purposes of evading the overtime requirements of the Fair Labor Standard Act. (*Id*.)

Furthermore, by Plaintiff's own admissions, when Defendant assumed the contract at the dispatch center in January of 2008, all supervisors were asked to work a compressed workweek. (*See* Response Brief, p. 2.) In April of 2008, Plaintiff was promoted to supervisor, and at that time, he, like all other supervisors, agreed to work a compressed workweek and signed a Compressed Workweek Request. (Doc. 18-2, Allen Dep., pp. 7-11, 56, 70; Doc. 18-4, Compressed Workweek Request; Doc. 18-5, Compressed Workweek Policy; Exhibit A, Gonzales Dec. ¶ 4.) Plaintiff understood that his workweek began on Saturday and 4:00 p.m. and concluded on the following Saturday at 3:59 p.m. and concedes at all times, his schedule and workweek were fixed and constant. Moreover, Plaintiff understood that he would be compensated for overtime at time-and-a-half for any hours worked over 40 during a Company defined workweek and concedes that he was in fact compensated for all hours worked over 40 in a single Company defined workweek. (Doc. 18-2, Allen Dep., p. 58.)

For these reasons and those set forth in Defendant's Memorandum in Support of Summary Judgment as to Count I [Doc. 18], there are no genuine issues of material fact for trial that preclude this Court from granting Defendant's motion for summary judgment on Plaintiff's claim for overtime in violation of the FLSA. As such, Plaintiff's remaining count should be dismissed as a matter of law.

    Respectfully Submitted,

    **JACKSON LEWIS LLP**

    /s/ Allan S. Rubin
    Allan S. Rubin (P44420)
    Maurice G. Jenkins (P33083)

                                                       Christina A. Daskas (P52757)
                                                       Attorneys for Defendant
                                                       2000 Town Center, Suite 1650
                                                       Southfield, MI 48075
                                                       (248) 936-1900 – Phone
                                                       (248) 936-1901 – Fax
                                                       rubina@jacksonlewis.com
                                                       Jenkinsm@jacksonlewis.com
                                                       daskasc@jacksonlewis.com

Dated: August 27, 2010

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this 27th day of August 2010 he did file a copy of Defendant's Reply Brief in Support of its Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 by filing same using the CM/ECF system which will send notice of its filing to all counsel of record, including:

>Joni M. Fixler (P56712)
>Fixel Law Offices, PLLC
>Attorney for Plaintiff
>4084 Okemos Rd., Suite B
>Okemos, MI 48864
>(517) 332-3390 –Phone
>jfixel@fixellawoffices.com

>/s/ Allan S. Rubin
>Allan S. Rubin (P44420)
>Jackson Lewis LLP
>Attorney for Defendant
>2000 Town Center, Suite 1650
>Southfield, MI 48075
>(248) 936-1900 – Phone
>(248) 936-1901 – Fax
>rubina@jacksonlewis.com

4826-3525-0439, v. 1